IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI COLE GARZA,<br><br>    Petitioner,<br><br>  v.<br><br>ANTHONY HEDGPETH,<br><br>    Respondent.<br>                                           / | No. C 12-0603 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Docket No. 4) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28 U.S.C. 2254. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss on statute of limitations grounds. Although given an opportunity to oppose the motion, petitioner did not do so. Indeed, in his petition, he concedes that the petition is untimely (Pet. 12). For the reasons discussed below, respondent's motion to dismiss is **GRANTED**.

## STATEMENT

The following facts are not disputed by the parties. In 2006, petitioner pled guilty to kidnapping, forcible rape and false imprisonment. He was sentenced to a term of eight years in state prison. On July 16, 2008, the California Court of Appeal affirmed the conviction and sentence, and on October 1, 2008, the California Supreme Court denied a petition for review. Petitioner filed the instant petition on February 6, 2008.

**ANALYSIS**

Respondent contends that the petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. 2244(d)(1).

The parties do not dispute that the applicable provision of section 2244(d)(1) in this case is subsection (A), such that the limitations period began to run when the time for seeking direct review expired. The California Supreme Court denied the petition for direct review on October 1, 2008. Petitioner then had ninety days, or until December 30, 2008, in which to file a petition for a writ of certiorari in the United States Supreme Court. Although he did not file such a petition, that is the date the time for seeking direct review expired under Section 2244(d)(1)(A), and therefore the date the one-year limitations period started. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). The limitations period expired one year later, on December 30, 2009, absent tolling. While the limitations period may be tolled for the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" under 28 U.S.C. 2244(d)(2), petitioner did not file any habeas or other post-conviction petitions in the state courts. Petitioner also does not claim that he is entitled to equitable tolling, nor are there any grounds for such tolling apparent from the record. Indeed, as noted above, petitioner concedes that the petition is untimely (Pet.12) but argues that it should be heard anyway because, as he claimed in his petition, his sentence is not

2

authorized. Such an argument, even if true, does not render the petition timely or excuse its untimeliness. Consequently, the petition is untimely.

## CONCLUSION

Respondent's motion to dismiss (dkt. 4) is **GRANTED**. The petition for a writ of habeas corpus is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December 5, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\GARZA0603.MTDSOL.wpd